UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER GRATZ and PATRICK
HAMACHER,

for themselves and all others
similarly situated,

        Plaintiffs,

vs.

LEE BOLLINGER, JAMES J.
DUDERSTADT, THE UNIVERSITY OF
MICHIGAN, and THE UNIVERSITY OF
MICHIGAN COLLEGE OF LITERATURE,
ARTS AND SCIENCE,

        Defendants.

Civil Action No. 97-75231

Hon. Patrick J. Duggan
Hon. Thomas A. Carlson

**ORDER APPROVING SETTLEMENT AND NOTICE PLAN, DECERTIFYING CLASS, AND DISMISSING CASE**

_____/

The above matter came on for consideration by the undersigned on the Joint Motion of the Parties for Court Approval of Settlement and Notice Plan, for Decertification of Class, and for Dismissal. On the basis of the Parties' Settlement Agreement and Release, proposed notice plan and proposed form of published notice, and all the files, records, and proceedings herein,

IT IS ORDERED:

1. The Court approves the terms of the Parties' Settlement Agreement and Release, including the provisions for the manner and form of notice and decertification of the class.

2. The Court approves of the form of published notice as shown on Exhibit A to the parties' Settlement Agreement and Release.

1

3. To wit, the manner of publication shall be as follows:

   a. The notice shall be published at the University's expense within 30 days of the entry of this Order in 1/6th page ads in the main news section on one Sunday and one weekday edition of each of the following publications:

      1. Detroit Free Press

      2. Ann Arbor News

      3. Grand Rapids Press

   b. The notice shall be published at the University's expense within 30 days of the entry of this Order in 1/6th page ads in the main news section of one Sunday edition of each of the following publications, or if the publication does not have a Sunday edition, then once in the main news section of a weekday edition of each publication:

      1. Flint Journal

      2. Holland Sentinel

      3. Jackson Citizen-Patriot

      4. Lansing State Journal

      5. Livingston County Daily Press and Argus

      6. Kalamazoo Gazette

      7. Midland Daily News

      8. Monroe Evening News

      9. Muskegon Chronicle

      10. St. Joseph Herald-Palladium

      11. Traverse City Record-Eagle

3

4.  The class certified by the Court in an Order dated December 23, 1998 is decertified.

5.  The case is hereby dismissed with prejudice and without further award of costs or attorneys' fees to any party. The Court retains jurisdiction for purposes of enforcing the provisions of this Order if necessary.

>   s/Patrick J. Duggan
>   Patrick J. Duggan
>   United States District Judge

Dated:  January 31, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2007, by electronic and/or ordinary mail.

>   s/Marilyn Orem
>   Case Manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER GRATZ and PATRICK
HAMACHER,

for themselves and all others
similarly situated,

        Plaintiffs,

vs.

LEE BOLLINGER, JAMES J.
DUDERSTADT, THE BOARD OF
REGENTS OF THE UNIVERSITY OF
MICHIGAN,

        Defendants.
_____/

Civil Action No. 97-75231

Hon. Patrick J. Duggan
Hon. Thomas A. Carlson

**SETTLEMENT AGREEMENT AND RELEASE**

WHEREAS, this action was filed by Plaintiffs Patrick Hamacher and Jennifer Gratz in the United States District Court for the Eastern District of Michigan in September 1977 challenging the admissions policies of the College of Literature, Science, and the Arts ("LSA") of the University of Michigan for academic years beginning in 1995;

WHEREAS, the action named as defendants the Board of Regents of the University of Michigan (the "University"), James Duderstadt, and Lee Bollinger (collectively referred to as "Defendants");

WHEREAS, in December 1998 the case was certified by the District Court as a class action under Fed. R. Civ. P. 23(b)(2) for injunctive and declaratory relief, with Plaintiff Patrick Hamacher named by the District Court as class representative.

4

WHEREAS, the District Court at the time of the class certification determined that damages, if any, would be determined in subsequent proceedings, after determinations with respect to liability;

WHEREAS, the United States Supreme Court in June 2003 issued its decision and opinion in this case upholding the consideration of race and ethnicity in university admissions while also concluding that the LSA admissions policies in use from 1995 until 2003 did not consider race and ethnicity in a permissible manner;

WHEREAS, on remand from the Supreme Court the District Court held that an applicant who wished to pursue a claim would have to prove that the policies' unconstitutional consideration of race and ethnicity was a "substantial" or "motivating" factor in the denial of his/her particular application and that this denial resulted in harm to him/her;

WHEREAS, the parties have agreed to settle the remaining claims on the terms set forth herein and to terminate the certified class, while providing notice to class members;

NOW, THEREFORE, the parties agree as follows:

1. The University will pay to Patrick Hamacher and Jennifer Gratz the sum of Ten Thousand Dollars ($10,000.00) each as compensation to Plaintiffs for miscellaneous costs, expenses and time incurred as named plaintiffs and class representative in this action and in exchange for the release by Hamacher and Gratz of all claims that were or could have been asserted by them in this action, including but not limited to claims for damages. These sums shall be paid within 14 days of approval of this Settlement Agreement by the District Court.

2. Upon approving this settlement, the District Court shall terminate the certified class and dismiss the action with prejudice, while directing notice to class members.

3. The form of notice agreed upon by the parties, subject to the District Court's approval, is attached hereto as Exhibit A.

4. The manner of publication agreed upon by the parties, subject to the District Court's approval, is as follows:

   a. The notice shall be published at the University's expense within 30 days of the District Court's approval of this settlement in $1/6^{th}$ page ads in the main news section on one Sunday and one weekday edition of each of the following publications:

      1. Detroit Free Press
      2. Ann Arbor News
      3. Grand Rapids Press

   b. The notice shall be published at the University's expense within 30 days of the District Court's approval of this settlement in $1/6^{th}$ page ads in the main news section of one Sunday edition of each of the following publications, or if the publication does not have a Sunday edition, then once in the main news section of a weekday edition of each publication:

      1. Flint Journal
      2. Holland Sentinel
      3. Jackson Citizen-Patriot
      4. Lansing State Journal

     5.     <u>Livingston County Daily Press and Argus</u>

     6.     <u>Kalamazoo Gazette</u>

     7.     <u>Midland Daily News</u>

     8.     <u>Monroe Evening News</u>

     9.     <u>Muskegon Chronicle</u>

     10.    <u>St. Joseph Herald-Palladium</u>

     11.    <u>Traverse City Record-Eagle</u>

5. The parties agree to use their best efforts to obtain prompt approval of the District Court of this settlement, including submission to the Court of this Settlement Agreement and the accompanying proposed order (Exhibit B) for the District Court's approval.

6. In consideration for the payment to be made as described in paragraph 1 above, and upon approval by the Court of this settlement, Patrick Hamacher and Jennifer Gratz, for themselves, their heirs and successors, release Defendants and their successors, heirs, representatives, officers, agents and directors from all claims that were or could have been asserted by Patrick Hamacher or Jennifer Gratz, for themselves, their heirs and successors arising out of the underlying facts alleged in the Complaint.

7. It is specifically agreed and understood by the parties that this Settlement Agreement does not release or extinguish the claims, if any, of any class members other than Patrick Hamacher and Jennifer Gratz.

8. It is specifically agreed and understood by the parties that the payment and other terms agreed to herein are not an admission of liability on the part of Defendants, who expressly deny liability to any party.

9. Attorneys for Plaintiffs will not disclose the names or identifies of any applicants, or any other confidential information learned from documents, materials, or information designated by the Defendants as "confidential" under the Protective Order in this action, and will in all other respects continue to comply with that Order. The parties agree and understand, however, that attorneys for Plaintiffs may provide inquiring class members, upon request, statistical analyses and summaries of the admissions data previously furnished by Defendants, as well as any public or otherwise non-confidential information, that does not contain information identifying individual applicants.

10. Upon approval by the Court of this Settlement Agreement, the action shall be dismissed with prejudice and without an award of costs to any party.

Dated: ___10/2/06_____     _____/s/ Jennifer Gratz_____
                                    Jennifer Gratz

Subscribed and sworn to before me
this _2_ day of October_____, 2006.


_____/s/_____
Notary Public

8

Dated:  9/8/2006	            /s/ Patrick Hamacher
                                  Patrick Hamacher

Subscribed and sworn to before me
this  8  day of September, 2006.



          /s/
Notary Public


Dated: 10/05/2006		MASLON EDELMAN BORMAN & BRAND, LLP


	           /s/ Kirk O. Kolbo
		David F. Herr, #44441
		Kirk O. Kolbo, #151129
		3300 Norwest Center
		90 South Seventh Street
		Minneapolis, MN  55402
		612/672-8200

		Michael E. Rosman
		CENTER FOR INDIVIDUAL RIGHTS
		1233 20th Street, NW
		Suite 300
		Washington, DC  20036
		202/833-8400

		ATTORNEYS FOR PLAINTIFFS

9

ON BEHALF OF DEFENDANTS:

Dated:   12/4/2006                              BUTZEL LONG, PC


                                                    /s/ Leonard M. Niehoff
                                                Philip J. Kessler (P15921)
                                                Leonard M. Niehoff (P36695)
                                                350 South Main Street, Suite 300
                                                Ann Arbor, MI  48104
                                                (734) 995-3110

                                                ATTORNEYS FOR DEFENDANTS


**165576**

## LEGAL NOTICE

TO: Those individuals who applied for and were not granted admission to the College of Literature, Science, and the Arts (LSA) of the University of Michigan (UM) for the academic years between 1995 and 2003:

This is a notice of dismissal of a class action lawsuit and termination of the class in that suit.

The lawsuit, *Gratz v. Bollinger*, Civil Action No. 97-75231, was filed in the United States District Court for the Eastern District of Michigan. The lawsuit challenged LSA admissions policies in place for the 1995 academic year forward insofar as they allowed for the consideration of race and ethnicity. Although the plaintiffs filed a motion to certify a class as to both damages and injunctive and declaratory relief, the District Court certified the class only as to injunctive and declaratory relief, with plaintiff Patrick Hamacher as the class representative. The court declined to consider damages claims during the first phase of the suit, and therefore did not certify a class for damages relief.

In June 2003 the Supreme Court upheld the consideration of race and ethnicity in university admissions, while also concluding that the LSA policies in use from 1995 until 2003 did not consider race and ethnicity in a permissible manner. On remand, the District Court held that an applicant who wished to pursue a claim would have to prove that the policies' unconstitutional consideration of race and ethnicity was a "substantial" or "motivating" factor in the denial of his/her particular application and that this denial resulted in harm to him/her.

The parties decided to settle the remaining claims, and accordingly, plaintiffs did not continue to pursue certification of a class for damages relief. On [insert date], the court therefore terminated the certified class and ordered dismissal of the case. Individuals who applied for admission during the years 1995-2003 and who believe that they (a) were rejected *because of* the University's unlawful use of race and (b) suffered damages as a result may wish to consult an attorney to determine if they should file a lawsuit, as the claims will become time-barred if not brought within the time period provided by law.

Pleadings and other public records in this suit may be examined and copied at the Office of the Clerk, United States District Court, Eastern District of Michigan, Southern Division, 231 West Lafayette Blvd., Detroit, MI 48226 or downloaded through the PACER service. For information about PACER see http://pacer.psc.uscourts.gov.

11